UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DEREK ANTHONY DAVIS | CIVIL ACTION |
| VERSUS | NO. 26-1298 |
| ANNE KIRKPATRICK ET AL. | SECTION R (4) |

**ORDER AND REASONS**

Before the Court is the motion of defendants Anne Kirkpatrick and the City of New Orleans to dismiss plaintiff's case for failure to state a claim.[1] Plaintiff opposes the motion.[2] For the following reasons, the Court grants the motion.

## I. BACKGROUND

This case arises out of the police response to an alleged domestic assault and robbery. Plaintiff Derek Davis alleges that he was assaulted and robbed by an unnamed female partner on January 28, 2023.[3] In February 2023, plaintiff was granted a restraining order against his alleged assailant in Louisiana state court.[4] Plaintiff claims that the New Orleans Police Department ("NOPD") failed to enforce the restraining order after his

1 R. Doc. 18.
2 R. Doc. 20.
3 R. Doc. 12-2
4 R. Doc. 12 at 3.

assailant obtained employment directly across the street from plaintiff's place of employment.[5] He claims that the NOPD granted his assailant "administrative immunity," "fabricated official police logs," "leveraged a mandatory arrest as an administrative bribe," and "blamed [plaintiff's] vocal expression of frustration to excuse the officers' abandonment of duty."[6] Accordingly, on June 17, 2026, plaintiff sued (1) Anne Kirkpatrick, the Superintendent of the NOPD, in her official capacity, and (2) the City of New Orleans, claiming a violation of 42 U.S.C. § 1983.[7] In his amended complaint, plaintiff alleges "First Amendment Retaliation, 14th Amendment Equal Protection, and Substantive Due process claims" against defendants, relying in part on the doctrine of municipal liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).[8]

On October 16, 2026, defendants filed a motion to dismiss plaintiff's case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[9] Defendants contend that plaintiff's claims are barred by res judicata because plaintiff already fully litigated this dispute in *Davis v.*

---

5 *Id.* at 2.
6 *Id.* at 4–6.
7 R. Doc. 1.
8 R. Doc. 12 at 7.
9 R. Doc. 18.

*Salay*, 2026 WL 1532902 (E.D. La. June 1, 2026).[10] *Salay* also arose out of the NOPD's response to the alleged assault and robbery on January 28, 2023. In that case, Davis sued two NOPD officers and an Assistant City Attorney in their official capacities under 42 U.S.C. § 1983, alleging a violation of his due process rights and discrimination in violation of Title VII of the Civil Rights Act. *Id.* at *1. Specifically, Davis claimed that the officers and the prosecutor violated his rights "by not enforcing the restraining order and not arresting and prosecuting his ex-girlfriend for the robbery and assault." *Id.* The Court granted defendants' motion to dismiss for failure to state a claim. *Id.* at *3. Accordingly, plaintiff's case was dismissed with prejudice. *Id.* On appeal, the Fifth Circuit affirmed. *See Davis v. Salay*, 2026 WL 2985677 (5th Cir. Oct. 5, 2026).

Accordingly, defendants argue that res judicata bars this suit, and that plaintiff's case should thus be dismissed for failure to state a claim. Plaintiff opposes the motion to dismiss.[11] The Court considers the motion below.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, plaintiffs must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft*

---

10 R. Doc. 18-1 at 1.
11 R. Doc. 20.

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239, 244 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007), the claim must be dismissed.

On a Rule 12(b)(6) motion, the Court must limit its review to the contents of the pleadings, including attachments. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The Court may also consider documents attached to a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id.* "In addition to facts alleged in the pleadings, however, the district court may also consider matters of which [it] may take judicial notice." *Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008).

Res judicata is typically an affirmative defense, but a Court may dismiss a case under Rule 12(b)(6) on res judicata grounds "if the bar is apparent from the face of the complaint and judicially noticed facts" and the plaintiff "fails to challenge the defendant's failure to plead it as an affirmative defense." *Pie Development, L.L.C. v. Pie Carrier Holdings, Inc.*, 128 F.4th 657, 661 (5th Cir. 2025) (quoting *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020)).

## III. DISCUSSION

Defendants argue that this case should be dismissed on res judicata grounds because Davis filed a similar suit in 2025, which the Court dismissed

for failure to state a claim.[12] The federal law of res judicata applies to federal judgments. *See In re Ark-La-Tex Timber Co.*, 482 F.3d 319, 330 n.12 (5th Cir. 2007) (citing *Semtek Int'l v. Lockheed Martin Corp.*, 531 U.S. 497, 500 (2001)). A federal claim is barred under res judicata when the following elements are met: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). In the Fifth Circuit, res judicata "forecloses relitigation of claims that were or could have been raised in a prior action." *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 312–13 (5th Cir. 2004).

To determine whether the two suits involve the same cause of action under element (4), courts must apply the "transactional test" stated in the Restatement (Second) of Judgments, § 24. *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004). Under this approach, the Court asks "whether the two actions are based on the same 'nucleus of operative facts.'" *Davis*, 383 F.3d at 313 (citations omitted). It is the "nucleus of operative facts" in the first action, rather than the "facts litigated" or the "type

---

12 R. Doc. 18-1 at 1.

of relief requested, substantive theories advanced, or types of rights asserted, [that] defines the claim." *United States v. Davenport*, 484 F.3d 321, 326–27 (5th Cir. 2007) (citation omitted). The determination is a practical weighing of various factors, including "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Davis*, 383 F.3d at 313 (citations omitted). Further, "[i]f the cases are based on the same nucleus of operative facts, the first judgment's preclusive effect extends to all rights the original plaintiff had 'with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose.'" *Davenport*, 484 F.3d at 326 (quoting *Petro-Hunt*, 365 F.3d at 395).

The Court finds that plaintiff's claims here are barred by res judicata. On the first element, "strict identity of parties is not necessary." *Russell v. SunAmerica Secs., Inc.*, 962 F.2d 1169, 1173 (5th Cir. 1992). Rather, privity "is recognized as a broad concept, which requires us to look at the surrounding circumstances to determine whether claim preclusion is justified." *Id.* The Fifth Circuit has held that employees of municipalities sued in their official capacities and the municipalities themselves are in privity for res judicata purposes. *See Harmon v. Dallas Cty., Tex.*, 927 F.3d

884, 891–92 (5th Cir. 2019) ("An official-capacity claim, after all, is essentially a claim against the County."). Plaintiff sued several city employees in their official capacities in the first case and now sues a different city employee in her official capacity as well as the city itself. Because each claim is "essentially a claim against the [City]," the parties are in privity and the first element is met. *Id.*

On the second and third elements, in *Salay*, this Court dismissed with prejudice plaintiff's first case for failure to state a claim. The Fifth Circuit affirmed. "For purposes of res judicata, a dismissal for failure to state a claim . . . is a judgment on the merits." *Warren v. Mortg. Elec. Registration Sys.*, 616 F. App'x 735, 738 (5th Cir. 2015). Thus, a court of competent jurisdiction ended the first action by a final judgment on the merits, and these elements are met.

On the fourth element, this case and plaintiff's first case arise out of the same nucleus of operative facts. Both cases stem from the NOPD's response to the alleged assault and robbery on January 28, 2023, and its alleged failure to enforce plaintiff's restraining order against his ex-partner. That this case adds a First Amendment claim and a municipal liability claim under *Monell* is of no consequence; the Fifth Circuit has held that a plaintiff "who has a choice of more than one remedy for a given wrong . . . may not assert them

serially, in successive actions, but must advance all at once on pain of bar." *Thomas v. City of Houston*, 619 F. App'x 291, 294 (5th Cir. 2015) (quoting *Nilsen v. City of Moss Point*, 701 F.2d 556, 560 (5th Cir. 1983)). Thus, that plaintiff's second suit includes additional claims does not save him from res judicata. The fourth element is satisfied.

Accordingly, all of the elements of res judicata are satisfied. And because the res judicata bar is "apparent from the face of the complaint and judicially noticed facts" and the plaintiff has failed to "challenge the defendant's failure to plead [res judicata] as an affirmative defense," dismissal under Rule 12(b)(6) is appropriate here. *Pie Development*, 128 F.4th at 661.

Plaintiff argues that res judicata is improper here because he has gained access to "critical evidence [that] did not exist in an accessible format at the inception of the first lawsuit": an internal NOPD Public Integrity Bureau Hearing Document that summarizes the incident.[13] Plaintiff contends that the Hearing Document provides direct evidence of First Amendment retaliation that he did not claim in his first suit because he didn't have access to the document.[14] But the Fifth Circuit has rejected the

13 R. Doc. 20 at 2–3.

14 *Id.* at 3.

argument that "newly discovered evidence bars the application of res judicata." *Lall v. Bank of N.Y. Mellon*, 783 F. App'x 375, 379 (5th Cir. 2019).

Plaintiff avers that the Hearing Document was unavailable to him when he filed his complaint in *Salay*,[15] but the document is dated October 28, 2023, nearly a year before he filed his complaint in *Salay*.[16] Further, the Fifth Circuit has held that "new evidence that relates to the operative facts in a complaint does not defeat res judicata if the plaintiff had the opportunity to effectively litigate the underlying matter in the first instance." *Nix v. Major League Baseball*, 62 F.4th 920, 929 n.9 (5th Cir. 2023). Plaintiff had the opportunity to seek discovery in *Salay*, and his failure to uncover the Hearing Document does not defeat res judicata.

Plaintiff vaguely suggests that he should not be "penalized" because the Hearing Document was "hidden within an ongoing, confidential administrative framework" without further explanation.[17] This passing reference to plaintiff's difficulty in gathering evidence in *Salay* is unavailing. And even if the evidence was indeed "hidden" at the time of his complaint in *Salay*, a new suit would not be the proper vehicle for review. Thus, plaintiff's arguments are without merit, and res judicata bars this suit.

---

15 *Id.* at 2.
16 R. Doc. 12-1.
17 R. Doc. 20 at 2.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss. Plaintiff's case is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 19th day of November, 2026.

Sarah Vance

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE